IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CLIFTON WARNER,
ADC #651119                                                                                        PLAINTIFF

vs.                                         5:07CV00236 JMM/HLJ

TORANCE T. WASHINGTON, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

   3.   The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the Court on the defendants' motions to dismiss (DE ##19, 26). By Order dated February 28, 2008 (DE #27) this Court directed plaintiff to file a response to the motions within ten days of the date of the Order. The Court also noted that plaintiff's failure to respond would result in the dismissal without prejudice of his complaint, citing Local Rule 5.5(c)(2).[1] As of this date, plaintiff has not filed a response to the motions. Although this Court can dismiss plaintiff's complaint solely on the basis of his failure to respond, the Court will address the merits of defendants' motions to dismiss.

Plaintiff is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action against defendants, pursuant to 42 U.S.C. § 1983, alleging a denial of his Eighth Amendment right to adequate medical care and treatment.

---

[1] "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . ."

In support of their motions to dismiss, defendants state plaintiff's complaint against them should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Specifically, defendants state plaintiff failed to properly appeal his grievances against them to the highest level in the grievance procedure, the Chief Deputy/Deputy/Assistant Director.  In support of such, defendants provide copies of the grievances plaintiff filed and the responses at the lower level of the process, together with a declaration of the grievance supervisor of no documentation reflecting grievance appeals filed by the plaintiff.  See DE #20, Ex. A.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, 121 S.CT. 1819, 1825 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion

was not completed at the time of filing, dismissal is mandatory."

In light of the evidence provided by the defendants in support of their motion, and plaintiff's failure to respond or object to their arguments and evidence, the Court finds the motions to dismiss should be granted, due to plaintiff's failure to exhaust his administrative remedies. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions to dismiss (DE ##19, 26) are hereby GRANTED, and plaintiff's complaint is DISMISSED without prejudice, for failure to exhaust his administrative remedies.

IT IS SO ORDERED this 10th day of April, 2008.

_____
United States Magistrate Judge